UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROGER LEWIS,

    Petitioner,

v.                                                                             CASE NO. 6:15-cv-1328-Orl-37DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This cause is before the Court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 5). Petitioner filed a reply to the response (Doc. 6) and an amended reply (Doc. 8).

Petitioner alleges four claims for relief in his habeas petition. However, as discussed hereinafter, the Court finds the petition is untimely filed.

**I.  PROCEDURAL HISTORY**

Petitioner was charged by information with three counts of lewd or lascivious molestation against a person twelve years of age or older but less than sixteen years of age by a person eighteen years of age or older (counts one, three, and six) and four counts of promoting a sexual performance by a child (counts two, four, five, and seven) (Doc. 5-1 at 4). Petitioner entered a guilty plea to the counts as charged in exchange for concurrent

seven-year sentences to be followed by ten-year terms of sex offender probation. *Id.* at 7-14. On July 3, 2013, the trial court sentenced Petitioner pursuant to the plea agreement. *Id.* at 15-27. Petitioner did not file a direct appeal.

On August 13, 2013,[1] Petitioner moved for a reduction or modification of his sentence pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure. *Id.* at 30-32. The trial court denied the motion on August 28, 2013. *Id.* at 35. Petitioner did not appeal the denial of his motion.

On April 29, 2014, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. *Id.* at 37-40. The State conceded that Petitioner was entitled to resentencing because the sentences exceeded the statutory maximum. *Id.* at 45-46. On June 23, 2014, the trial court resentenced Petitioner eight-year terms of sex offender probation following his seven-year terms of incarceration. *Id.* at 54-55, 59-65. Petitioner did not appeal.

On August 20, 2014, Petitioner filed a second Rule 3.800(c) motion to modify, reduce, or mitigate his sentence. *Id.* at 67-87. The trial court denied the motion on August 26, 2014. *Id.* at 90. Petitioner did not appeal.

Petitioner filed a petition for a belated direct appeal on March 24, 2015. *Id.* at 92-

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

104. The Fifth District Court of Appeal ("Fifth DCA") denied the petition on April 1, 2015. *Id.* at 124. Petitioner moved for rehearing and for certification, and the Fifth DCA denied the motions on April 28, 2015. *Id.* at 126-33. Petitioner filed his federal habeas petition on August 5, 2015, 2015 (Doc. 1).

## II.    TIMELINESS OF THE PETITION

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)    the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

After due consideration, the Court concludes that Petitioner's sentence became final on July 23, 2014, or thirty days after Petitioner was resentenced. *See Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) (holding the "AEDPA's statute of limitations runs from the date the judgment pursuant to which petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving becomes final"); Fla. R. App. P. 9.140(b)(3) (allowing thirty days to file a notice of appeal).[2] Thus, under § 2244(d)(1)(A), Petitioner had through July 23, 2015, absent any tolling, to file a federal habeas petition.

Pursuant to § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed a Rule 3.800(c) motion on August 30, 2014. However, this motion did not toll the statute of limitations. *See Baker v. McNeil*, 439 F. App'x 786, 788-89 (11th Cir. 2011) (finding a motion for discretionary sentence reduction, filed pursuant to Rule 3.800(c), is not an application for state post-conviction or other collateral review and distinguishing *Wall v. Kholi*, 562 U.S. 545 (2011)); *Clark v. Sec'y, Dep't of Corr.*, No. 3:11-cv-878-J-39JRK, 2014 WL 1389577, at *3 (M.D. Fla. Apr. 9, 2014).

Additionally, the petition for belated appeal did not toll the one-year limitations period because it "did not involve collateral review of his conviction." *Espinosa v. Sec'y,*

---

[2] Contrary to Petitioner's assertions, he is not entitled to an additional ninety days of tolling for the filing of a petition for writ of certiorari. *See Gonzalez v. Thaler*, 132 S. Ct 641, 653-54 (2012); *Jimenez-Martinez v. Jones*, No. 5:14cv160/RH/CJK, 2015 WL 6769104, at *2 (N.D. Fla. Oct. 2, 2015).

4

*Dep't of Corr.*, 804 F.3d 1137, 1138-39 (11th Cir. 2015). Therefore, the instant federal petition, filed on August 5, 2015, is untimely.

Petitioner contends that his petition should be considered timely pursuant to section 2244(d)(1)(C) in light of the Supreme Court's decision in *Riley v. California*, 134 S. Ct. 2473 (2014) (holding the search incident to arrest exception does not apply to the contents of an arrestee's cell phone and officers must have a search warrant to search digital information on an arrestee's cell phone) (Doc. Nos. 6 at 1; 8 at 4). Section 2244(d)(1)(C) provides that the one-year limitations period may run from the date "on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized . . . and made retroactively applicable to cases on collateral review. . . ." Alternatively, Petitioner contends that the limitations period did not begin to run until the issuance of *Riley* pursuant to § 2244(d)(1) (D) (stating the one-year limitations period does not being to run until the date on "which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence") (Doc. Nos. 6 at 1; 8 at 4).

Federal courts have held that *Riley* did not recognize a new constitutional right for purposes of § 2244(d)(1)(C), or alternatively, if it did, that the new rule has not been made retroactive to cases on collateral review. *See Ly v. Beard*, No. 15-70939, 2016 WL 3318881, at *1 (9th Cir. June 15, 2016); *Chatman v. Green*, No. PWG-15-2827, 2016 WL 1588496, at *2 (D. Md. Apr. 19, 2016). Therefore, Petitioner has not demonstrated any basis for restarting

the limitations period.[3]

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year limitations period and that are not specifically addressed herein have been found to be without merit.

### III. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

---

[3] The Court notes that even if the petition were timely filed, Petitioner would not be entitled to relief pursuant to *Riley* because "the command of § 2254(d) indicates that we are only able to consider the holdings of Supreme Court case decided *at the time of the state court conviction*." *Schwab v. Crosby*, 451 F.3d 1308, 1328 (11th Cir. 2006) (emphasis added) (quotation omitted). Petitioner's conviction became final prior to the issuance of *Riley*. Moreover, even if *Riley* could be applied to Petitioner's case, his claim that police improperly seized his cellular telephone without a search warrant is without merit. Petitioner consented to the search of his cellular telephone (Doc. 5-1 at 108). Furthermore, Petitioner admitted committing the crimes. *Id.* at 108-09. Therefore, there was no basis to suppress the search, and Petitioner's claims are denied.

correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Roger Lewis (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 1st day of July, 2016.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 7/1
Counsel of Record
Roger Lewis